IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) RHONDA MASQUAT, on behalf of herself and all others similarly situated, | } } } | |
| Plaintiffs, | } } | |
| vs. | } } } | Case No. CIV-14-638-HE |
| (1) TRW AUTOMOTIVE US, LLC, and (2) TRW AUTOMOTOVE HOLDINGS, CORP., | } } } | |
| Defendants. | } | |

## COMPLAINT SEEKING DECLARATORY JUDGMENT

Plaintiff, by and through her undersigned attorneys, allege:

**1.**  This is an action for a declaratory judgment pursuant to 28 U.S.C. §2201, *et seq*.

**2.**  On or about the 28th day of June, 2005, Plaintiff brought an action on behalf of her and others similarly situated against DaimlerChrysler Corporation ("Chrysler"), alleging that certain defects existed within vehicles manufactured by DaimlerChrysler from 1993 to 2004, specifically the Dodge Intrepid, the Eagle Vision, the Chrysler New Yorker, the Chrysler LHS, the Chrysler Concorde and the Chrysler 300M.  Plaintiff further alleged that the defect existing within these vehicles required repair of each vehicle, which would cost in the millions of dollars.

**3.**  That on July 24, 2007, the District Court for Pottawatomie County, Oklahoma, certified a nationwide class consisting of:

> All entities and adult persons domiciled or residing in the fifty (50) states of the United States of America and the District of Columbia who currently (as of May 21, 2007) owned at least one model year 1993-2001 automobile marketed by DaimlerChrysler Corporation as the Dodge Intrepid, the Eagle Vision, the Chrysler New Yorker, the Chrysler LHS, the Chrysler Concorde and the Chrysler 300M, or who have paid for repair cost to the steering system tie rods on any of the aforementioned vehicles.

**4.** On July 1, 2008, the Oklahoma Supreme Court upheld the District Court of Pottawatomie County's Order certifying the above-referenced class.

**5.** On April 30, 2009, Chrysler filed for Chapter 11 Bankruptcy Reorganization and on May 31, 2009, the Bankruptcy Court approved a proposed plan for the reorganization and sale of Chrysler. Plaintiff's claims against Chrysler were discharged as a result of that bankruptcy.

**6.** On January 6, 2010, the United States Bankruptcy Court for the Southern District of New York entered a stipulation and agreed Order granting Plaintiff above limited relief from the automatic stay it previously entered, allowing Plaintiff to prosecute its claims against Chrysler as a nominal defendant. Plaintiff is prohibited from enforcing or executing upon any settlement or judgment that she might obtain against Chrysler. *See* Stipulation & Order attached as Exhibit "1".

**7.** These specific parts which Plaintiff alleges to be defective within the above referenced Chrysler vehicles were manufactured by TRW Automotive US, LLC ("TRW") and TRW Automotive Holdings Corporation (hereby "TRW Auto"). Pursuant to the production purchasing general terms and conditions contract between Chrysler and Defendants, TRW had agreed to indemnify Chrysler against all claims, liabilities, losses, damages and settlement expenses in connection with any breach by Defendants of the general conditions of that agreement or from damage or loss of any property allegedly or actually resulting from or arising out of any act, omission or negligent work of Defendants.

**8.** On May 9, 2012, Plaintiff filed a declaratory judgment action (case number 5:12-cv-00526-C) in this Court to establish the rights of Plaintiff to recover against TRW and TRW Auto on the basis of the above-identified contractual language.

**9.** On October 31, 2012, the Court dismissed the action without prejudice because Plaintiff had not yet established the liability of Chrysler in the state court litigation [Dkt. 39].

**10.** Plaintiff thereafter continued litigation in the District Court for Pottawatomie County, Oklahoma, and invited Defendants to defend the interests of the nominal Chrysler defendant. Defendants refused to defend on the merits and instead sought to enjoin the litigation as a violation of the relief Plaintiff obtained from the automatic stay. Specifically, Defendants appeared in the Pottawatomie County action for the limited basis of holding the action in abeyance and to file *amicus curiae* briefing. Defendants also filed a motion in the United States Bankruptcy Court for the Southern District of New York to ask for enforcement of prior orders and to prevent purported violations of stay relief. The courts in both jurisdictions held hearings on Defendants' motions.

**11.** On October 2, 2013, the District Court for Pottawatomie County, Oklahoma, rejected Defendants' effort to stay the action and entered findings of fact and conclusions of law granting summary judgment against the nominal Chrysler defendant for breaches of express and implied warranty. *See* Order Granting Plaintiff's Motion for Summary Judgment attached as Exhibit "2".

**12.** On November 8, 2013, the United States Bankruptcy Court for the Southern District of New York rejected Defendants' effort to enjoin the Oklahoma litigation and held that Plaintiff could proceed against TRW and TRW Auto to assert the class's rights under non-bankruptcy law. The court ruled that Plaintiff could not assert the Liquidating Trust's claims against TRW and TRW Auto. *See* Memo. Decision attached as Exhibit "3".

**13.** Plaintiff and the Liquidating Trust, known as the Old Carco Liquidation Trust ("Old Carco"), thereafter negotiated an assignment agreement (the "Assignment Agreement")

with Old Carco to facilitate the enforcement and collection of claims arising out of the certified Masquat litigation.  Pursuant to the terms of the Assignment Agreement, Plaintiff is now entitled to pursue all claims Chrysler has against TRW for herself, the class and Old Carco.  On June 13, 2014, that assignment was filed with the United States Bankruptcy Court for the Southern District of New York. *See* Assignment of Claims attached as Exhibit "4".

    **14.**    A controversy exists between the parties as follows:

        a.    Plaintiff contends that under the above referenced contractual language between TRW, TRW Auto and Chrysler, TRW and TRW Auto are obligated to indemnify Chrysler as to any judgment which Plaintiff has obtained against Chrysler in the Pottawatomie County District Court litigation. Pursuant to the terms of the Assignment Agreement, Plaintiff has assumed Chrysler's rights with respect to the enforcement and benefit of such indemnification obligations.

        b.    Defendants contend that the contractual language does not obligate them to indemnify Chrysler for any judgment which has been obtained against Chrysler in the Pottawatomie County District Court litigation.

    **15.**    Because of this controversy a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist among the parties to the TRW & TRW Auto/Chrysler contract.  Accordingly, the Plaintiff demands judgment against the Defendants as follows:

        (1)    An Order declaring that under the above referenced contractual language, the Defendants are obligated to indemnify Chrysler for the judgment obtained by Plaintiff against Chrysler in the Pottawatomie County District Court litigation, and that Plaintiff is entitled to enforce said indemnification.

Respectfully submitted,

THE WEST LAW FIRM

*s/ Terry W. West*
TERRY W. WEST, OBA NO. 9496
BRADLEY C. WEST, OBA NO. 13476
124 W. Highland – P.O. Box 698
Shawnee, Oklahoma 74802-0698
(405) 275-0040 – Phone
(405) 275-0052 – Fax

Associated Counsel:

R. Douglas Gentile
DOUTHIT, FRETS, ROUSE, GENTILE & RHODES
903 E. 104th Street, Suite 610
Kansas City, MO  64131-3464
(816) 941-7600 - Phone
(816) 941-6666 - Fax

T. Christopher Tuck
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC  29464
(843) 727-6500 - Phone
(843) 216-6509 – Fax

Michael S. Fox
Jordanna L. Nadritch
Matteo J. Rosselli
OLSHAN FROME WOLOSKY, LLP
Park Avenue Tower, 65 East 55th Street
New York, NY 10022
(212) 451-2218 – Phone
(212) 451-2222 - Fax

*ATTORNEYS FOR PLAINTIFF AND THE CLASS*